## THE PEOPLE *v.* EBERLY.

*(District Court of Arapahoe County, Colorado—September Term, 1881.)*

CRIMINAL NEGLIGENCE. Negligence to be criminal must be so great as to indicate, on the part of the person guilty of it, an indifference as to the consequences which might result therefrom. To justify conviction, the jury must be satisfied from the proof, not only of such negligence on the part of the accused, but that it was the direct and immediate cause of the disaster.

TESTIMONY OF EXPERTS—JURY TO JUDGE OF THE EVIDENCE. The jury are not absolutely bound by the testimony of experts, but are the judges, both of the evidence and weight thereof—considering the opinion of experts to aid them in such determination.

ELLIOTT, District Judge, charged the jury as follows:

*Gentlemen of the jury:* The second count of the indictment which you have been sworn to try charges, in substance, that in March, 1881, in this county and State, the defendant, Eberly, was the architect of a certain building then and there in process of erection and construction; that the defendant, Hohenberger, was the contractor of the stonework of said building; that the defendant, Link, was the brick contractor, and that the defendant, Klock, was the city building inspector, and that said defendants did then and there, in an unlawful and felonious manner, so execute and perform their respective duties in and about the construction of said building, that a considerable portion of said building then and there fell to the ground before the completion thereof, and that in so falling struck and instantly killed one Patrick J. Smith; and so it is charged in said second count that the said defendants did unlawfully and feloniously kill and slay the said Patrick J. Smith.

Said second count, which is the only count upon which evidence has been introduced, charges the crime of involuntary manslaughter against the defendants.

A crime consists in the violation of a public law, in the commission of which there shall be an union or joint operation of act and intention, or criminal negligence.

Involuntary manslaughter is the unlawful killing of a human being, without any intent so to do, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence, in an unlawful manner.

Upon the trial of a person charged with the commission of involuntary manslaughter, there need not be shown any intention on the part of the accused to do the killing, but the act of killing and also criminal negligence must be proved against the accused.

The defendant, Eberly, is the only one now on trial, and there is no evidence to show that the killing of said Smith occurred while said Eberly was in the commission of an unlawful act, or in consequence of said Eberly being engaged in an unlawful business or undertaking; so, before he can be properly found guilty, it must be proved that the said Eberly, in the performance of his duties as the architect or superintendent in and about the construction of said building, did not use due caution or circumspection, or that he was guilty of criminal negligence.

If you find from the evidence that the defendant, Eberly, engaged and undertook as an architect to superintend the construction of the building, as charged in the indictment, then it was his duty to exercise and use all reasonable care, diligence and precaution to see to it that said building should be built and constructed of such materials and in such a manner that it would be safe for the workmen engaged in and about the construction thereof, as well as for the owner or occupants thereof after its completion. And if you believe from the evidence, beyond reasonable doubt, that said defendant failed to exercise such reasonable care, diligence and precaution, then he was guilty of criminal negligence. And if you further believe from the evidence, beyond reasonable doubt, that the said building fell and killed said Smith by reason of such neglect on the part of the defendant, in and about his duty as architect and superintendent, then you should find him guilty, as charged in the indictment.

To warrant you in finding the defendant guilty, you must be satisfied from the evidence, beyond reasonable doubt, that the defendant, Eberly, in the performance of his duties in and about the construction of said building, was guilty of some personal neglect or misconduct whereby said building fell. That is, it must be proven beyond reasonable doubt that the defendant either directed or permitted the use of materials or the doing of work in and about said building which a reasonable or prudent architect and superintendent would not have done under the circumstances; or else it must be proven beyond reasonable doubt

that he neglected to take such care and precaution in and about the construction of said building which a reasonable and prudent architect and superintendent would have taken under the circumstances, and that, by reason of directing or permitting such materials to be used or such work to be done, or that, by reason of neglecting to take such precautions, the building fell and killed Smith.

You are not bound absolutely by the opinions of the architects and builders who have given their opinions as experts as to what caused the building to fall; you may determine for yourselves, from the facts shown by the evidence, what caused the building to fall, considering the opinions of the experts to aid you in arriving at such determination.

You are the judges in this case of the evidence, and the weight thereof, and unless you believe, upon consideration of all the evidence, that the defendant has been shown to have been guilty of criminal negligence in the performance of his duties as superintendent and architect of the building spoken of by the witnesses, you should acquit the defendant.

It is not claimed by the prosecution in this case that the defendant was actuated by any bad motive or evil intent with respect to any of the matters alleged against him, but it is claimed, that as architect and superintendent of the building, he was guilty of criminal negligence, which caused the death of Patrick Smith.

The burden is upon the prosecution to prove that the defendant was guilty of negligence; that this negligence was criminal, and that such negligence caused the accident which resulted in the death of Patrick Smith.

Negligence to be criminal must be so great, as to indicate, on the part of the person guilty of it, an indifference as to the consequences which might result to others therefrom.

If you believe, from all the evidence, that the building fell because of the trench dug along the westerly wall, in the basement, and that, without the digging of this trench, the building would have stood, and that this trench was dug contrary to the instructions and without the knowledge of the defendant, and that it was so dug just before the building fell, while the defendant was absent from the building, then you should acquit the defendant. But if you believe, from a consideration of all the evidence, that

the direct and immediate cause of the falling of the building was the improper and defective condition of the girder or truss, in the front part of the building, or the walls upon which it rested, then it will become necessary for you to consider whether or not the defendant exercised reasonable care, diligence and precaution in and about the construction of said girder or truss, and the walls upon which it rested, and the weight resting upon it.

If the negligence of the defendant has not been proved to have been the direct and immediate cause of the accident, you must acquit the defendant.

You are the judges of the weight of the evidence and of the credibility of the several witnesses, and, in determining such weight and credibility, you may take into consideration their manner and appearance upon the witness stand, their means of knowledge as to the matters of which they have testified respectively, and the interest which any of them may have been shown to have had in the event of this trial, if any interest has been shown in respect to any witness. You are also the judges of the weight of the defendant's testimony and of his credibility, and you will give to his testimony such weight as you think it deserves; and, in determining the weight and credibility of the defendant's testimony, you have the right to take into consideration the peculiar interest he has in the event of this suit, as well as other matters, including those matters indicated above as to the several witnesses.

Verdict: "Not guilty."

*I. E. Barnum*, attorney for the people.

*Benedict & Phelps*, attorneys for defendants.